HARRIMAN et al. v. GEER et al.

(Supreme Court, Special Term, New York County. January 17, 1912.)

1. APPEAL AND ERROR (§ 381*)—APPEAL UNDERTAKING—JUSTIFICATION OF SURETY—STATUTORY PROVISION.

Under Insurance Law (Consol. Laws 1909, c. 28) § 184, which provides that the Supreme Court, in the department including the county in which the principal place of business of a surety company shall be located, may require such company to file with the county clerk a sworn statement of its condition, and that such statement, when filed with the clerk, shall be received as given in justification upon any undertaking executed or guaranteed by such company, the sworn statement of a surety company, authorized by the Superintendent of Insurance to transact business in this state, is a sufficient justification to permit a judge of the Supreme Court, in his discretion, to accept its appeal undertaking without further justification, especially where the party excepting to its undertaking does not claim that the company is insolvent.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2029–2035; Dec. Dig. § 381.*]

2. APPEAL AND ERROR (§ 381*)—APPEAL UNDERTAKINGS—JUSTIFICATION OF SURETY—DEPOSITS—STATUTORY PROVISION.

It is no ground of objection to an appeal undertaking of a surety company that it has large outstanding contingent liabilities in this state, and practically no assets, where it has deposited with the Superintendent of Insurance the amount and character of securities required by Insurance Law (Consol. Laws 1909, c. 28) § 26; that safeguard being intended by the Legislature to be sufficient.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2029–2035; Dec. Dig. § 381.*]

Action by Oliver Harriman and others against Calvin O. Geer and another. Judgment for plaintiffs, and the defendants appeal. On exceptions by plaintiffs to undertaking given on appeal. Exceptions overruled.

Bullowa & Bullowa, for appellants.
Edward M. Grout and Paul Grout, for respondents.

LEHMAN, J. [1] The plaintiffs have excepted to a surety company bond given by the defendants on appeal. The attorney in fact of the surety company appeared at the examination, but most of his testimony consists of mere conclusions, or is too vague to be of any value as justification. I think, however, that it appears sufficiently, and is conceded by the plaintiffs, that it has been authorized by the Superintendent of Insurance to transact business in this state, and that some years ago it filed in this county, where its principal place of business is located, a sworn statement of its condition. This sworn statement is sufficient justification, under section 184 of the insurance law (Consol. Laws 1909, c. 28) to permit me in my discretion to accept the bond without further justification. "The evident purpose of this provision was to relieve surety companies from the necessity of attending for an examination through its officers whenever its undertaking is excepted to, and at the same time afford adequate protection to the person for whose benefit such undertaking

_____
*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was given."   Haines v. Hein, 67 App. Div. 389, 73 N. Y. Supp. 293.
If the plaintiffs claim that the condition of the company is, perhaps,
now different from what it was when the sworn statement was filed,
the court has authority to order that a new sworn statement be filed,
and may also require the company to submit to an examination as to
its solvency by a referee.   The plaintiffs, however, do not at present
urge any claim that the company is not solvent, and it would obviously
be unfair to order the company to submit to a general examination,
unless such claim is made upon substantial grounds, or the plaintiffs
stipulate to pay the costs of a reference, if they are unsuccessful in
showing that the bond should not be accepted.

[2] The plaintiffs' claim at the present time is only that the surety
company has large outstanding contingent liabilities in this state and
practically no assets, and that for this reason the justification should
not be regarded as sufficient.   With this contention I do not agree.
The Legislature has provided as security for the obligations of do-
mestic insurance companies the deposit of securities with the Super-
intendent of Insurance, and by section 26 has further provided that
insurance companies incorporated under the laws of any other state
"shall keep on deposit with the Superintendent of this state, or with
the Auditor, Comptroller or general fiscal officer of the state by whose
laws it is incorporated, the same amount and character of securities
which a like domestic corporation is required to deposit with the Su-
perintendent of Insurance of this state."   The Legislature has en-
acted no provisions that surety companies, either domestic or for-
eign, should keep any other securities in this state, but clearly in-
tended that this safeguard should be regarded as sufficient.

I will therefore neither order any further examination on this point,
nor refuse, for such reason, to accept a justification which is other-
wise sufficient.